IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TMX FINANCE CORPORATE SERVICES, INC., § § § | | |
| Plaintiff, § § | | |
| v. § § | | Civil Action No. 3:24-CV-2054-N |
| WENDY SPICHER, § § § | | |
| Defendant. § | | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Wendy Spicher's motion to dismiss [32]. The Court holds that abstention under the *Younger* doctrine is proper. Because the Court grants the motion to dismiss on abstention grounds, the Court does not reach the issues of personal jurisdiction or preclusion.

## I. ORIGINS OF THE MOTION

TMX Finance Corporate Services, Inc. ("TMX FCS") filed this federal lawsuit in response to a pending state administrative civil proceeding against it in Pennsylvania. It seeks protection from this Court against the Order to Show Cause issued by the Pennsylvania Department of Banking and Securities (the "Department") that requires TMX FCS to answer on the merits. TMX FCS argues that the Pennsylvania administrative agency lacks jurisdiction over TMX FCS. However, because the *Younger* doctrine prevents the Court from ruling on this issue, the Court grants the motion to dismiss.

MEMORANDUM OPINION & ORDER – PAGE 1

## II. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claims for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "On motion under Rule 12(b)(6), the Court must decide whether the facts as alleged, if true, would entitle the plaintiff to some legal remedy." *S&W Enters., L.L.C. v. Southtrust Bank of Ala., N.A.*, 2001 WL 238095, at *4 (N.D. Tex. 2001). "Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Vines v. City of Dallas*, 851 F. Supp. 253, 259 (N.D. Tex. 1994) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

## III. THE COURT GRANTS THE MOTION TO DISMISS BECAUSE THE *YOUNGER* ABSTENTION DOCTRINE APPLIES

The *Younger* doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstance." *Middlesex Cnty. Ethics Comm. v. Garden St. Bar Ass'n*, 457 U.S. 423, 431 (1982) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Under *Younger*, "a federal court, with valid subject-matter jurisdiction, [is] nonetheless prohibited from enjoining" a state judicial proceeding that meets the *Younger* factors "without a valid showing of 'extraordinary circumstances' that would warrant federal intervention." *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003) (quoting *Younger*, 401 U.S. at 45, 53–54).

Courts look at three factors to determine if *Younger* abstention applies: (1) does the conflicting proceeding "constitute an ongoing state judicial proceeding," (2) "do the proceedings implicate important state interests," and (3) "is there an adequate opportunity in the state proceeding to raise constitutional challenges." *Middlesex*, 457 U.S. at 432.

### A.  Ongoing State Judicial Proceeding

First, the Court looks to whether there is an ongoing state judicial proceeding. The Plaintiff asks the Court to rule in response to a pending state administrative civil proceeding. Courts have found that a state administrative civil proceeding is an "ongoing judicial proceeding" under *Younger*. *E.g.*, *Baran v. Port of Beaumont Nav. Dist.*, 57 F.3d 436, 441 (5th Cir. 1995) ("Abstention under *Younger v. Harris* is appropriate when federal court jurisdiction would interfere with pending criminal, civil, or administrative state proceedings." (citations omitted)). The state administrative proceedings began before this case was filed in this Court and are ongoing—indeed, that is the very reason this Court has been asked to enjoin the proceedings. TMX FCS argues that because a stay was issued in the Pennsylvania proceeding on the same day Defendant's motion to dismiss was filed, there was no ongoing proceeding, despite that stay now being lifted. Pl.'s Resp. 10 [42]. However, courts have found that "'state proceedings are "ongoing" for *Younger* abstention purposes, notwithstanding [a stay]' if the state proceeding 'was pending at the time [the plaintiff] filed its initial complaint in federal court.'" *PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 885 (3d Cir. 2020) (second alteration in original) (quoting *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408–409 (3d Cir. 2005)). Here, the administrative proceeding was pending at the time TMX FCS filed

MEMORANDUM OPINION & ORDER – PAGE 3

its initial complaint, so the temporary stay does not affect the "ongoing" status. Therefore, this case clearly meets the first factor of the *Younger* abstention doctrine.

### B. Important State Interests

Second, the Court looks to whether the proceeding implicates important state interests. Pennsylvania's important interests in enforcing its laws against usury, and against the very loans in question in this case, is established. *TitleMax of Del., Inc. v. Weissmann*, 24 F.4th 230 (3d Cir. 2022) ("Pennsylvania has a strong interest in prohibiting usury. Applying Pennsylvania's usury laws to TitleMax's loans furthers that interest."). Thus, this case clearly meets the second factor of the *Younger* abstention doctrine.

### C. Adequate Opportunity to Raise Constitutional Challenges

Third, the Court finds that the state proceeding affords an adequate opportunity to raise constitutional challenges. "Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" *Middlesex*, 457 U.S. at 432 (citing *Moore v. Sims*, 442 U.S. 415, 426 (1982)). A "federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

TMX FSC claims that it will not have an adequate opportunity to assert constitutional claims because they will be unable to assert the defense of lack of personal jurisdiction since an answer is due on December 16, 2024, and they will be forced to respond on the merits before a ruling on personal jurisdiction has been made. Pl.'s Br. 14 [27]. TMX FSC claims that it will be unable to obtain a ruling on personal jurisdiction prior to a hearing on the merits, based on its reading of the Pennsylvania Code. *Id.* 13–14.

MEMORANDUM OPINION & ORDER – PAGE 4

The Court determines that the evidence presented is insufficient to support this interpretation, and there is no evidence presented to show that TMX FSC has attempted to assert lack of personal jurisdiction or was denied the opportunity to do so.

Plaintiff argues that it will not be able to "obtain effective relief" because 1 PA. CODE § 35.180 prevents the hearing officer from ruling on dispositive motions "until a merits hearing . . . has occurred." Pl.'s Br. 13–14 (emphasis omitted). However, while the "presiding officer is not authorized to rule on any motion before the conclusion of the hearing where the ruling constitutes a final determination by the agency," the Pennsylvania Code "does not preclude such action by the agency head." *United Healthcare Benefits Tr. v. Ins. Comm'r*, 620 A.2d 81, 83–84 (Pa. Commw. Ct. 1993). In fact, the statute provides expressly for the referral of any motion to the agency head for ultimate determination. 1 PA. CODE § 35.180(a). While a presiding hearing officer may be limited under Section 35.180, the limitation does not mean that TMX FCS here cannot obtain a ruling on a dispositive motion prior to a merits hearing. *See, e.g., United Healthcare Benefits*, 620 A.2d at 83–84 (affirming a summary judgment ruling prior to a merits hearing); *Allen v. Pub. Sch. Emps.' Ret. Bd.*, 848 A.2d 1031, 1034 n.8 (Pa. Commw. Ct. 2004) ("[T]his limitation only applie[s] to designated presiding officers and not to an agency head, or in this case, the Board"); *Mellinger v. Dept. of Cmty. Affs.*, 533 A.2d 1119, 1122–23 (Pa. Commw. Ct. 1987) (affirming dismissal after referral to the Secretary without an evidentiary hearing). Therefore, TMX FCS has adequate opportunity to be heard. Additionally, TMX FCS has the opportunity to pursue an interlocutory appeal within the administrative state proceeding if the motion is denied. *See* 1 PA. CODE § 35.190.

MEMORANDUM OPINION & ORDER – PAGE 5

Additionally, TMX FCS may seek appellate review of any adverse decision in the administrative proceeding. 2 PA. CONS. STAT. § 702 ("Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals.").

Finally, the Court is unconvinced by the argument that TMX FCS will suffer irreparable harm if it is forced to participate in the administrative proceeding because it will have to answer by the upcoming deadline. TMX FSC has had six months and three extensions to answer the OSC and a stay which gave them two additional months, during which time they have shown no evidence that they took any steps to move for dismissal on lack of personal jurisdiction or that they were denied the opportunity to do so by the Department.

Plaintiffs carry the burden to show that the state does not afford an adequate opportunity to raise constitutional challenges and have not met that burden here. This case also meets the third factor of the *Younger* abstention doctrine.

### D. No Extraordinary Exception Applies

TMX FCS argues that even if *Younger* applies, the Court should exercise jurisdiction because the irreparable harm is "both great and immediate" and because there is a showing of bad faith. Pl.'s Resp. 16 (citing *Mitchum v. Foster*, 407 U.S. 225, 230 (1972)). However, this exception should only be used under "extraordinary circumstances" in cases of "proven harassment," prosecutions taken "in bad faith without hope of obtaining a conviction" or "other extraordinary circumstances where irreparable injury can be

MEMORANDUM OPINION & ORDER – PAGE 6

shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). The Court holds that this high standard has not been met here. Because TMX FCS has not adequately shown it is unable to raise constitutional challenges in the administrative proceeding, as discussed above, the Court does not accept its argument that its constitutional rights will be irreparably harmed. Additionally, TMX FCS has not presented evidence of bad faith beyond the argument that the merits of the Pennsylvania proceeding will fail because TMX FCS does not itself make loans. This does not convincingly establish any bad faith. Finally, the argument that the Department is biased does not overcome the strong "presumption of honesty and integrity in those serving as adjudicators." *Hasie v. Office of Comptroller of Currency*, 633 F.3d 361, 368 (5th Cir. 2011). The Secretary has recused herself from all TitleMax related adjudicative matters, Def.'s Reply 7 n.8, which satisfies all allegations of bias TMX FCS makes. Therefore, the Court holds that no extraordinary exception applies here to overcome *Younger* abstention.

## CONCLUSION

Because the three elements of the *Younger* abstention doctrine have been met, the Court grants the motion to dismiss.[1] The Court abstains under *Younger* and dismisses this case without prejudice.

---

[1] Accordingly, the Court denies TMX FCS's motions for temporary restraining order [48] and preliminary injunction [15], as well as Spicher's motion to transfer case out of district or alternatively to stay discovery and pretrial deadlines [41], as moot.

MEMORANDUM OPINION & ORDER – PAGE 7

Signed December 5, 2024.

_____
David C. Godbey
Chief United States District Judge